IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEROY THOMAS,

    Plaintiff,

vs.                                         Case No. 4:11cv348-RH/WCS

GREGORY JOSEPH DREJZA,
et al.,

    Defendants.

                                /

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a complaint, doc. 1, on July 21, 2011, and a motion for leave to proceed *in forma pauperis*, doc. 3. Ruling was deferred on the motion, and Plaintiff directed to clarify his financial status. Doc. 5. Plaintiff's amended motion is now before me, doc. 6, and explains that he is now receiving social security benefits which were not reported previously because Plaintiff explains that they were suspended at the time of his first motion. Good cause having been shown, Plaintiff's amended *in forma pauperis* motion, doc. 6, is granted and Plaintiff need not submit payment of the filing fee.

Prior to review of Plaintiff's complaint, doc. 1, Plaintiff filed a "notice to transfer county court case" in which he requests that a state court case for eviction and

possession of property be removed to this court. Doc. 7. Plaintiff attached copies of the state court pleadings to the motion. Doc. 7. For an action to be removable to federal court pursuant to § 1441, it must have been a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" or a claim arising under federal law, or a claim brought against a foreign state. 28 U.S.C. § 1441. A federal court is a court of limited jurisdiction. This court does not have jurisdiction over a tenant eviction proceeding. Such a case must be brought in state court. Moreover, judicial notice is taken that on August 25, 2011, a final judgment was entered in state court in favor of the plaintiff there and against the defendant who is the Plaintiff in this proceeding.[1] Finally, the notice of removal should not have been filed in this case as it is a separate action. Therefore, the motion to remove the state court case to this court should be denied for lack of jurisdiction and because the motion is moot.

As for Plaintiff's claims raised in this case, he seeks to bring claims under this court's diversity jurisdiction, 28 U.S.C. § 1332, and pursuant to 42 U.S.C. § 1982[2] and 42 U.S.C. § 1983. Doc. 1. Plaintiff did not submit his complaint on court forms as is required by all *pro se* litigants. Rule 5.1 provides that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 or 2000e (Title VII), 28 U.S.C. §§ 1331 or 1346, shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Forms for filing

---

[1] The docket sheet for the referenced case, 37 2011 CC 2523 may be reviewed at the website for the Leon County Clerk of Court: www.clerk.leon.fl.us

[2] Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

Case No. 4:11cv348-RH/WCS

a complaint are available from the Clerk's Office and are provided without charge. The Clerk of Court will be directed to provide Plaintiff with a complaint form and Plaintiff must use that form to submit an "amended complaint."

Plaintiff's complaint fails to demonstrate the violation of § 1982. There are no factual allegations which demonstrate that Plaintiff has suffered discrimination in the ownership of property.

There are no facts which support a § 1983 claim either. To state a claim under 1983, a plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Plaintiff's named Defendants are, in general, private citizens. They are not persons whose actions may be said to have been taken under the "color of state law."

Moreover, Plaintiff's claims appear to be fanciful and removed from reality. For example, Plaintiff alleges that "Defendants Green and John Doe I allegedly killed Thomas Sr by drilling a whole [sic] in his head and cutting the cortex of the brain of a defenseless elderly African-American man" which was alleged "designed to and has, and continues, to strike fear and terror in Plaintiff." Doc. 1, p. 18. In 1989, Plaintiff alleges that "Defendants Green and John Doe I, individually and/or collectively, caused Plaintiff's memory to be temporarily erased utilizing a technique referred to as 'brainwashing.' " Id., at 19. Plaintiff also claims that Defendants have "carried out a plot to steal Plaintiff's DNA by hypnotizing Plaintiff, against his will." Id., at 19. He believes Defendants tried to kill him by "using a sandwich contaminated with multiple sclerosis disease." Id., at 20.

Even if such claims were not fanciful, they are clearly by Florida's four year statute of limitations. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff's claims are barred by the statute of limitations and must be dismissed.

Accordingly, it is **ORDERED** that Plaintiff's amended *in forma pauperis* motion, doc. 6, be **GRANTED**, and that the original *in forma pauperis* motion, doc. 3, be **DENIED as moot**.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's notice of removal, doc. 7, be **DENIED** for lack of jurisdiction and because it is moot, and that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on August 31, 2011.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Case No. 4:11cv348-RH/WCS

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**